**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

STATE OF MINNESOTA, *by and*
*through its Attorney General,*
*Keith Ellison*,

               Plaintiff,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE and BROOKE
ROLLINS, *Secretary of the U.S.*
*Department of Agriculture*,

               Defendants.

Case No. 25-cv-4767 (LMP/JFD)

**ORDER**

On December 23, 2025, Plaintiff State of Minnesota filed this action alleging that certain demands made by Defendants United States Department of Agriculture and its Secretary Brooke Rollins (collectively the "USDA") violated the Administrative Procedure Act, the Spending Clause of the United States Constitution, and otherwise exceeded the scope of the USDA's authority. ECF No. 1 ¶¶ 129–95. On January 14, 2026, the Court granted Minnesota's Motion for a Preliminary Injunction, ECF No. 38, and issued a written order on January 16, 2026, ECF No. 44.

On March 25, 2026, Minnesota filed an amended complaint, ECF No. 60, and on April 24, 2026, the USDA moved to dismiss Minnesota's amended complaint. ECF No. 62. The USDA's opening memorandum was 45 pages long and used 11,769 words. ECF Nos. 67, 67-1 at 2. Under Local Rule 7.1(f)(1)(A), no brief may exceed 12,000 words. And under Local Rule 7.1(f)(1)(B), if a party intends to file both an opening brief and reply

brief, the combined briefs may not exceed 12,000 words.  Since the USDA's opening brief was 11,769 words, it left itself only 231 words for a reply.  On May 20, 2026, Minnesota filed a responsive brief of 12,000 words.  ECF No. 71-1.  Under Local Rule 7.1(c)(3), the USDA has until June 3, 2026, to file a reply brief.

On May 28, 2026, the USDA filed a letter pursuant to Local Rule 7.1(f)(1)(D), and the Court's practice pointers, seeking 5,769 additional words for its reply brief.  ECF No. 72.  Combined with the mere 231 words it had left, the USDA requests a 6,000-word reply brief.  *Id.*  The USDA asserts that such an extension is necessary because Minnesota's responsive brief raised issues to which the USDA ought to have a right to fully respond.  *Id.* at 1–2.  Minnesota objects to the request, arguing that it would give the USDA significantly more words than Minnesota was provided, that Minnesota had to make "hard choices" to meet its own word count requirement, and that the USDA should not be given additional words simply because it chose not to do the same.  ECF No. 73.

The Court agrees with Minnesota's position.  Word count requirements exist both to sharpen the arguments presented to the Court and to ensure that both parties get an equal opportunity to make their case.  Allowing the USDA to have 5,769 more words, totaling nearly 23 additional pages of briefing, would frustrate both underlying purposes.  And although the USDA claims it needs more words to respond to the arguments Minnesota made, that need is entirely self-inflicted.  It is simply implausible that the USDA did not anticipate filing a reply brief in this case.  It nevertheless chose to leave itself only 231 words to do so.  In the alternative, the USDA could have sought an extension before filing its opening brief.  The Court has readily granted such requests before, particularly when

2

the parties have agreed that *both* will receive additional words.  *See Little Giant Ladder Sys., LLC v. Tricam Indus., Inc.*, No. 20-cv-2497 (KMM/ECW), 2023 WL 5447283, at *2 (D. Minn. Aug. 24, 2023) (noting that "parties frequently seek extensions of the word-count limits prior to filing even an opening memorandum because they are very familiar with the evidence in the record, they know the arguments the parties are likely to raise, and they anticipate the issues they will need to brief").  Instead, the USDA chose to wait until after Minnesota had already filed its responsive brief that—by Minnesota's admission—required Minnesota to cut arguments it would have made with more words.

Despite all of this, the Court will allow the USDA 2,769 additional words in reply, which, when combined with the 231 it left itself initially, totals 3,000 words.  The Court prefers that the parties' arguments are made in writing and in advance of oral argument.  Should the Court entirely reject the USDA's request, the USDA would likely present its reply arguments for the first time at the hearing, depriving both the Court and Minnesota of the chance to consider them in advance.  There is no doubt that the hearing will be better if both parties are fully prepared for each side's arguments.  On the other hand, the requested 6,000-word reply brief strikes the Court as entirely unnecessary.  Limiting the USDA to 3,000 words should sharpen the reply to those arguments and issues essential to the Court's consideration.  To put it bluntly, the USDA should take better care to make its case efficiently.

For these reasons, the Court will allow the USDA 3,000 words for its reply brief.

As a result, the Court **GRANTS IN PART** the USDA's request, ECF No. 72.


Dated: May 29, 2026                              *s/Laura M. Provinzino*

                                                 Laura M. Provinzino
                                                 United States District Judge